REYNOLDS *et al. v.* POLK.*

(Division B.   Sept. 27, 1926.)

[109 So. 698.   No. 25761.]

1. CHATTEL MORTGAGES.

Mortgages given by owner of land on crops to be raised thereon the following year, whether made before or after his contracts with tenants to cultivate it for such year and pay him as rent one-fourth of crops produced, attach only to his one-fourth interest.

2. LANDLORD AND TENANT.   *Owner of land, after renting it on shares for following year, by selling it and then renting from vendees for such following year, does not make subject to payment of his rent note the interests of such tenants in crops raised by them.*

Owner of land, after contracting with tenants to cultivate most of it for following year, they to pay him as rent one-fourth of crops produced, by selling the land and renting it from the purchasers for such following year, does not make subject to payment of rent note given by him the three-fourths interest of the tenants in crops raised by them.

*Corpus Juris-Cyc. References: Chattel Mortgages, 11CJ, p. 505, n. 83; Landlord and Tenant, 36CJ, p. 710, n. 28 New.

APPEAL from chancery court, of Lafayette county.

HON. N. R. SLEDGE, Chancellor.

Suit by J. T. Reynolds and others against R. T. Polk. From a decree for defendant on the cross-bill, plaintiffs appeal. Reversed and remanded.

*B. N. Knox,* for appellants.

The court below did not state, either in an opinion or in its decree, its reason for holding that Polk, appellee, had a superior lien on all of the products grown on the land. The decree is foreign to the facts in the case and contrary to the rights of the parties hereto under the law.

It is not the law that a landlord can rent out his premises to tenants, who deal in good faith and also mortgage their part of the crop—the rent—and later defeat all the rights of the tenants and lienholders by selling the land to a third party, who can come in simply by reason of holding title and defeat the rights of the tenants and the merchants who furnished them. The crops grown on the Coffey tract in 1925—the title thereto—subject to the landlord's lien, which had been mortgaged, were as much in these tenants as that of any other personal property they may have owned. *Opperman* v. *Littlejohn,* 98 Miss. 636. Could Polk have taken sheep or hogs away from these tenants? Their rights could not be affected by subsequent sales, contracts, rent notices or anything else un--

less they were parties thereto, which they were not in this case.

And when the sale of land was made during the term of the lease to these tenants, after having assigned their interests in the crops of the tenants, the only rent that Polk would have been entitled to would have been what remained after Coffey and the Rex Produce Company had been paid in full. *Watkins* v. *Duvall,* 69 Miss. 364; *Allen* v. *Smith,* 72 Miss. 689.

The land as against these tenants was the primary security and before taking the crops, Polk would have had to treat the tenants as subtenants, realized his claim under said trust deed out of the sale of the land, if possible, so that the tenants could have been subrogated to the rights of the original grantor in said trust deed. This he failed to do. *Coon* v. *Robinson,* 110 Miss. 700; *Applewhite* v. *Nelins,* 71 Miss. 482.

Polk claims to be an innocent purchaser without notice, although he only paid four hundred dollars for this rent note and the equity in the land. The various trust deeds from the tenants and those to Rex Produce Company and Coffey from J. B. and Wiley Robbins were on record and were notice to him. Even if they had not been on record the fact that these tenants were in possession was sufficient to put him on notice.

This case should be reversed and judgment entered here.

*Chas. Lee Crum,* for appellee.

The appellee held three liens on the crops grown on this plantation during the year 1923: (1) He owned the land and was the assignee of the rent note given by Robbins Brothers to Johnson and Perciful for seven thousand five hundred dollars rent; (2) he was the assignee of the one thousand five hundred dollar Frazier notes secured by a deed of trust duly of record, which was a prior lien to any other lien shown to have been

held by any of appellants; and (3) he was the assignee of the forty thousand dollar notes for the purchase price of the plantation.

These notes were given September 2, 1922, the very day the Robbins Brothers bought this place and were all secured by a first mortgage duly of record on all crops to be grown on this plantation during the year 1923. This record gave notice to all tenants of the lien of the holder of these notes. This mortgage did not authorize the Robbins Brothers to subrent this land or any part of it, and this notice to all persons that if they worked the land they would act at their own risk of the Robbins Brothers paying the notes thus secured. To secure the rent note appellee had the landlord's lien provided by statute. Section 2330, Hemingway's Code. It has been repeatedly held that the growing crops on a farm sold under a foreclosure passes to the purchaser under the mortgage on the land only. *Reily* v. *Carter,* 23 So. 435.

These tenants having no contractual rights from the mortgagee, by any contract with the mortgagors, are entitled to no more privilege with the crops as affecting the rights of the mortgagee, than if they had been trespassers on the land. This doctrine is clearly held in *Lane* v. *King,* 24 Am. Dec. 105.

There can be no question under Mississippi decisions but that if the place was sold to Robbins Brothers in September, 1922, the crops raised on the place for 1923 had such a potential existence as to enable the owners thereof to give a valid first lien on the crop raised for the succeeding year. This mortgage was given the very day the deed was made to Robbins Brothers and was prior to any lease or rent contract that could have been made on the place for the renting of it for the year 1923. As authority for the potential existence of the crop after the Robbins Brothers purchased the land and their right to give a first mortgage on the crops to be raised the succeeding year, see *Everman* v. *Robb,* 52 Miss. 653; *White* v. *Thomas,* 52 Miss. 49; *McCown* v. *McGee,* 5 So. 98, 65

Miss. 537; *Russell* v. *Stephens,* 12 So. 830, 70 Miss. 685; *Studebaker* v. *Loeb,* 6 So. 687, 67 Miss. 200.

That the placing of this deed of trust on record in the county in which the land is situated gave notice to all tenants and subsequent purchasers or lienors there can certainly be no question. See *Tittle* v. *Kennedy,* 71 S. C. 1, 4 Ann. Cas. 68.

Opposing counsel may argue in this court, as they did in the court below, that the law as applied in this case works a hardship on the tenants, on the ground that the tenants did not know what their legal rights were when they planted and cultivated the crops. These tenants are not any more innocent than the appellee is and they have not lost as much money as the appellee will lose in innocently buying these securities. The tenants, on one hand, had legal notice of the existence of this forty thousand dollar mortgage on the crop the same as if a placard announcing it has been posted upon every foot of the land that each of them worked. On the other hand, the appellee had not any notice or record or otherwise of any supposed contractual rights of these several tenants. In fact there are no contractual rights between the tenant and the mortgagee.

Counsel in the trial of the case below with reference to *Reily* v. *Carter, supra,* endeavored to make a point of section 3323, Hemingway's Code, which was at the time the Riley-Carter case was decided, section 4472, Code of 1892. Section 3323, Hemingway's Code, applies only to crops growing on land where the mortgage is on the land only. It was never intended to apply and does not apply to crops upon which there is a mortgage expressly given as in the case at bar.

*B. N. Knox,* for appellant in reply.

*Reily* v. *Carter,* cited by appellee is not in point with reference to the Cole notes for forty thousand dollars because there was no foreclosure under same. If appel-

lee's contention in regard to the forty thousand dollar notes bought from Cole is correct, then the tenants, appellants, would be placed in the same category as subtenants; and in that case they would have stood in the relation of surety for the rent due by the tenants—in this case, Robbins Brothers—and in equity may compel first resort to the estate of the tenant and preserve whatever securities he may have from the tenant so that the subtenant whose crop is taken from him for rent may be subrogated thereto. *Applewhite* v. *Nelins,* 71 Miss. 482; also *Coon* v. *Robinson,* 110 Miss. 700.

In this state of the case, the fact that Polk did not first foreclose on the land will estop him from claiming any rights under the Cole notes and trust deed against the crops raised by these tenants.

ANDERSON, J., delivered the opinion of the court.

Appellants, J. T. Reynolds and others, filed their bill in the chancery court of Lafayette county against appellee, R. T. Polk, to enjoin the latter from hindering the tenants on a farm known as the Coffey place, in Lafayette county, from gathering and marketing the crops produced by them thereon, and prayed for a decree declaring subordinate appellee's lien on said crops and declaring their liens thereon to be superior to that of appellee. Appellee answered appellants' bill denying the material allegations thereof, and made his answer a cross-bill by which he sought to have the lien claimed by him against the crops of the tenants on the Coffey farm declared superior and paramount to the liens on the said crops claimed by appellants. There was a hearing on the original bill and amendment thereto, answer and cross-bill and amendment thereto, report of the special master and exceptions thereto, and proofs resulting in a decree granting appellee mainly the relief prayed for by him in his answer and cross-bill, from which decree appellants prosecute this appeal.

The following is deemed a sufficient statement of the case in order to bring out the questions decided:

On the 2d day of September, 1922, Johnson and Dunlap owned the Coffey plantation, consisting of three thousand two hundred acres, in Lafayette county. In purchasing the land they assumed the first mortgage thereon of twelve thousand dollars. On that date Johnson and Dunlap sold and conveyed the land to Robbins Bros. for a consideration of fifty two thousand dollars of which twelve thousand dollars was paid Robbins Bros. by assuming the mortgage for that amount already on the land. Robbins Bros. gave their purchase-money notes to Dunlap and Johnson for the balance of forty thousand dollars, and to secure the same executed a second mortgage on the land and the crops to be raised thereon during the following year, 1923. This mortgage was promptly filed and recorded. These purchase-money notes for forty thousand dollars were, by Johnson and Dunlap, on November 15, 1922, assigned and the assignment properly placed on record to J. R. and N. S. Cole, of Newbern, Tenn.

Robbins Bros. had a large number of tenants on the Coffey place with whom they had entered into contracts for the year 1923, by the terms of which they were to cultivate the larger part of the Coffey farm, paying as rent therefor one-fourth of all the crops produced. A part of the place, however, was reserved by Robbins Bros. for the cultivation of crops by themselves for the year 1923. In order to get supplies to enable them to cultivate the land so reserved for themselves, Robbins Bros. executed a note to Frazier in the sum of one thousand five hundred dollars and a mortgage to secure the same on the crops to be raised by them on the Coffey farm for the year 1923. The tenants, being without sufficient means with which to cultivate the lands they had rented, gave their notes for various amounts to sundry supply merchants and mortgages to secure same on the crops to be raised by them for 1923.

By conveyance, acknowledged May 22, 1923, and dated January 18, 1923, Robbins Bros. conveyed the Coffey lands to Johnson and Perciful. On making this conveyance, and probably as a part of the transaction, Robbins Bros. rented the land from the purchasers, Johnson and Perciful, for the year 1923, agreeing to pay as rent therefor the sum of seven thousand five hundred dollars evidenced by their promissory note payable to Johnson and Perciful. Later in the year 1923, Johnson and Perciful sold and conveyed the land to appellee, R. T. Polk, and also transferred and assigned to the latter their said rent note of seven thousand five hundred dollars against Robbins Bros. The supply merchants, and others holding mortgages on the crops of the tenants to be raised for the year 1923, and the trustees in their mortgages, were complainants. Either after the original bill was filed in this case, or shortly prior thereto, appellee became the owner by purchase, transfer, and assignment of the purchase-money notes of forty thousand dollars executed by Robbins Bros. to Johnson and Dunlap, which were secured by a mortgage on the Coffey place, and also on the crops to be raised thereon for the year 1923. Appellee was also owner and holder of the rent note of seven thousand five hundred dollars executed by Robbins Bros. to Johnson and Perciful for the rent of the farm for the year 1923, and appellee had purchased and owned the Frazier notes of one thousand five hundred dollars which Robbins Bros. had executed to Frazier for supplies to make a crop on the land reserved to themselves, and secured by a mortgage on the crops on the place. Appellants claimed that by their mortgages executed by the tenants, other than Robbins Bros., they had a prior and superior lien to any held by appellee on the interest of such tenants in the crops produced by them for the year 1923, which interest was three-fourths. While appellee claimed that by virtue of his ownership of the purchase-money notes of forty thousand dollars and the mortgage to secure the same, which latter covered not only the Coffey land, but the

crops to be produced thereon for the year 1923, and of his
ownership of Robbins Bros.' rent note of seven thousand
five hundred dollars, which sum they agreed to pay as
rent on the land for the year 1923, and of his ownership of
the Frazier notes of one thousand five hundred dollars,
which were secured by a mortgage on all of the crops to
be raised on the place for the year 1923, his lien on all
the crops produced on the place for that year, including
the interest therein of all the tenants, was superior and
took precedence over the liens of the appellants.

By their mortgage on the crops, the one to Johnson
and Dunlap, for forty thousand dollars, to secure the
balance of purchase money on the place, as well as the
one to Frazier to secure their notes of one thousand five
hundred dollars, Robbins Bros. could only convey what-
ever interest they had or might acquire in the crops,
which, under their contract with the tenants, was a one-
fourth interest. If the mortgage as excuted by them is
subject to be construed as conveying the entire crops to
be produced on the land—their own interest in such
crops, as well as that of their tenants—still it would be
ineffective to convey more than the interest of Robbins
Bros. in such crops. One must own property either when
the mortgage is given or at some time during its life be-
fore he can give a valid mortgage on it. If he owns only
a part interest in the property and attempts by the mort-
gage to convey the entire interest, his mortgage is only
good to the extent of the interest owned. Clearly, these
two mortgages owned by appellee took precedence over
the mortgages of the appellants so far as one-fourth in-
terest of Robbins Bros. in the crops is concerned, but as
to the threefourths interest owned by the tenants, they
were ineffective. They are not liens on the interest of
the tenants in the crops, because Robbins Bros. as land-
lords, were unable, under the law, to convey such interest
of the tenants.

Appellee, however, is owner of the rent note of seven
thousand five hundred dollars of Robbins Bros. May ap-

pellee as the holder of such rent note, if necessary to discharge it, take all the crops produced on the place? We think not. This rent note was executed by Robbins Bros. after they had made contracts with their tenants for the year 1923 by which the tenants agreed to pay them as rent one-fourth of all the crops produced by them on the place. At the time these contracts were made with their tenants, Robbins Bros. were the owners of the land and had a right to make the contracts. If appellee's position be sound, a landlord, after making valid contracts with his tenants as to how much rent they shall pay, may convey the leased land and increase or diminish the amount of such rents at will by leasing the land from his vendor for the period covered by his contracts with his tenants and agreeing to pay to his vendee a greater or less rent than his tenants had agreed to pay. We hold that when the conveyance to appellee was made the rights of the tenants on this land were fixed. They had a right to cultivate the land for the year 1923 and pay therefor one-fourth of the crops produced. Neither the landlord alone, nor the landlord and his vendee, could by any possible arrangement between them change the rights of the tenants; otherwise the tenants would be at the mercy of the landlord and his vendee. It is not conceivable in any state of case that a person's rights may be one thing to-day and another thing tomorrow, depending entirely on the will of the others.

Appellee, to sustain his position, refers to *Reily* v. *Carter,* 75 Miss. 798, 23 So. 435, 65 Am. St. Rep. 621, and *Lane* v. *King,* 8 Wend. 584, 24 Am. Dec. 105. We do not think the principle there involved has any application to the facts of this case. It was the rule at common law that a purchaser of land at a foreclosure sale under a mortgage on confirmation of the sale obtained a good title to all the crops on the land that were unreserved. In the first place, that rule has been changed by our statute, section 3323, Hemingway's Code (section 5051, Code of 1906), and, in the second place, the common-law

principle had no application to a conveyance of his land by a landlord where his interest in the crops had been fixed by contract with his tenants.

It follows from these views that appellants holding mortgages on the interest in the crops of the tenants on this place have a paramount right in such interest for the satisfaction of their debts. The appellee, Polk, takes by his lien whatever interest Robbins Bros. would have had in the crops as landlords had they not conveyed the land.

The record in this case is in such a state as that the cause should go back for final decree in accordance with the principles announced in this cause.

*Reversed and remanded.*